JOSEPH S. CHRISTIAN *vs.* THE COMMONWEALTH.

Where a writ of error is brought upon a judgment in a criminal case, under *St.* 1842, *c.* 54, the prosecuting officer of the Commonwealth is not bound to take notice and act thereon, until fourteen days after a *scire facias* to hear errors has been served upon him.

THIS was a writ of error to reverse a judgment of the municipal court of the city of Boston, by which the plaintiff in error was sentenced to solitary imprisonment, and confinement at hard labor in the state prison.

The *scire facias* to hear errors, in this case, was served upon the Attorney General, three or four days only before the commencement of the present term, and he therefore moved that the writ might be dismissed, or the case be continued, and a new service made.

By *St.* 1842, *c.* 54, writs of error, upon judgments in criminal cases, " may be brought at any time after such judgments are rendered, and may be entered in any county, as well as in that where the judgment was rendered, and shall be entitled to the same privilege, as to the hearing thereof, as is given to writs of habeas corpus by the one hundred and eleventh chapter of the revised statutes." But no provision is therein made respecting service.

BY THE COURT. As no specific provision is made for this case, by any statute, and as a *scire facias* to hear errors is an original writ, it comes within the general provision of the Rev. Sts. *c.* 90, § 21, by which original writs, issuing from this court, or the court of common pleas, are to be served fourteen days at least before they are returnable. The Attorney General, acting

in behalf of the Commonwealth, may accept shorter notice, if he so please ; but he is entitled to the full fourteen days to examine into the case, before he can be required to attend to it in court.

*G. Bemis*, for the plaintiff in error.

*Austin*, (Attorney General,) for the Commonwealth.